Filed 3/11/15  Marriage of Carmendy CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re Marriage of CATHY and STEVE CARMENDY. | B254357 |
| | (Los Angeles County Super. Ct. No. BD315507) |
| CATHY CARMENDY, Respondent, v. STEVE CARMENDY, Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert B. Broadbelt III, Judge.  Affirmed.

Lipton and Margolin, Hugh A. Lipton and Brian G. Magruder for Appellant.

Bergman Law Group and Daniel A. Bergman for Respondent.

\* \* \* \* \* \*

California's public policy favors adequate child support. (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 283.) Generally the duty for support ends when a child completes the 12th grade or reaches the age of 19. (Fam. Code, § 3901.)[1] However, a parent may have a duty to support an adult child who is unable to support herself. Section 3910, subdivision (a) provides: "The father and mother have an equal responsibility to maintain, to the extent of their ability, a child of whatever age who is incapacitated from earning a living and without sufficient means." At this stage in the proceedings it is undisputed that the parties' adult daughter Frances was unable to support herself and that her father Steve Carmendy was required to pay adult child support.[2] On appeal, the amount of adult child support also is undisputed.

The sole issue on appeal is whether the court erred in ordering the support be paid retroactively to the date Steve filed an order to show cause to modify child support. We conclude that Steve's argument that retroactive payments were improper because the court did not modify a prior order is frivolous. Under any reasonable interpretation, the court modified the prior order requiring Steve to pay child support to clarify that adult child support was required and to change the amount of support. We affirm the order including its retroactive application and issue sanctions against Steve's attorneys for pursuing a frivolous appeal.

## FACTS AND PROCEDURE

### 1. Stipulated Judgment of Dissolution

Steve and Cathy Carmendy divorced in 2003, and their stipulated judgment entered November 12, 2003, provided child support for their only child Frances, who was born in 1992. The judgment stated that Frances "is a disabled person who has been diagnosed with autism." Steve was ordered to pay $1,746 monthly in child support until

---

[1]    Undesignated statutory citations are to the Family Code.

[2]    Because they share a surname, we refer to the parties by their first names and intend no disrespect thereby.

2

Frances "dies, marries, is emancipated or until the parties are no longer legally obligated to support Frances Carmendy or further order of [the] court."

## 2. Steve Requested to Modify Child Support

On August 8, 2011, Steve filed an order to show cause regarding modification of child support. He sought to modify the judgment of November 12, 2003, requiring him to pay $1,746 a month in child support. He requested "that any modification of support commence as of the date of the filing of this motion as allowed under Family Code section 3653(a)." Steve also reduced the amount of support he paid to Cathy without any court ordered reduction.

## 3. Contempt Proceedings

On December 15, 2011, Cathy filed an order to show cause and affidavit for contempt. At the hearing she testified Steve had been ordered to pay child support in the amount of $1,746 and that order was never modified. Steve testified he was "seeking to modify the adult support." The court found there was a valid order entered November 3, 2003, and Steve was in contempt.

In a petition for writ of mandate, filed in this court, Steve argued that he could not be in contempt of the stipulated judgment of dissolution because "the terms of the original child support order [we]re not sufficiently specific and narrowly drawn so as to support a finding that they constitute an order to make child support payments for . . . [Frances] under Family Code section 3910, subdivision (a)." Steve further argued that in finding him in contempt the court improperly "referred to the language of Family Code section 3910, subdivision (a) to insert terms that do not exist into the stipulated judgment." Steve argued that when Frances "reached the age of nineteen years old, he was no longer obligated to make child support payments."

On October 26, 2012, this court issued the following order: "it appears the respondent court exceeded its jurisdiction when it adjudicated petitioner [Steve] to be in contempt for failing to make adult child support payments (Fam. Code, § 3910) as the court believed petitioner [Steve] was required to make under the child support provision in the 2003 stipulated judgment. Even if this child support provision can be construed to

3

require adult child support payments – an issue this court need not necessarily decide in the context of this writ proceeding – the provision appears far from 'clear, specific, and unequivocal' in this regard. The child support provision makes no reference to adult child support payments or to Family Code section 3910. It also states that petitioner is obligated to make child support payments until, among other scenarios, 'the parties are no longer legally obligated to support Frances Carmendy.' This language could be construed as referring to Frances turning 18 or 19. (See Fam. Code, [§] 3901, subd. (a).)" (Fn. omitted.)

By order dated November 7, 2012, the trial court vacated its order of contempt. It stated, "Steve Carmendy . . . is not held in contempt for failing to make adult child support payments." The court then set a hearing on adult child support.

### 4. *Cathy Responds to Steve's Order to Show Cause and the Parties Stipulate to a Continuance*

Under section 213, the responding party "may seek affirmative relief alternative to that requested by the moving party, on the same issues raised by the moving party, by filing a responsive declaration." (§ 213, subd. (a).) On January 6, 2012, the parties stipulated to a continuance. The stipulation provided: "The parties . . . stipulate that despite any holdings therein, the Court shall reserve jurisdiction to retroactively modify support in this matter to the date that [Steve] filed the instant Order to Show Cause." On November 5, 2012, Cathy filed a responsive declaration. Cathy stated that she did not consent to Steve's requested order but consented to an adult child support order retroactive to the date of Steve's order to show cause.

After substantial delays, the court on November 4, 2013, issued an order regarding Steve's "order to show cause re modification of child support" and Cathy's request for adult child support under section 3910.

### 5. *The Court Orders Steve Pay Adult Child Support*

In its statement of decision on November 4, 2013, the court found overwhelming evidence that Frances qualified for adult child support under section 3910. The issue was not "seriously disputed" and Cathy showed that Frances was unable to work and would

4

never be able to support herself. The court expressly found ". . . Frances is in need of 24-hour-a-day care, Frances will need help and assistance the rest of her life, Frances cannot use a telephone properly, Frances cannot prepare her own meals, Frances cannot function on her own in life without constant adult supervision, and Frances cannot bathe herself or perform basic daily hygienic functions on her own without supervision, assistance, or prompts." Frances was in a transition program and earned $62 a month. A psychologist opined that Frances's mental disabilities were not curable and that Frances would never be capable of living independently or providing for herself. Steve acknowledged that Frances has special needs and suffered from autism and mental retardation and conceded that Frances was incapacitated from earning a living and could not support herself.

The court ordered adult child support payments and calculated the amount of child support based on Steve's gross income as described by a forensic accountant. The court also considered Steve's custodial time with Frances. The court applied the uniform guidelines for determining the amount of support. The court ordered Steve pay adult child support retroactively to the date he filed his order to show cause. It explained, "given Frances's special needs, failing to make the court's adult child support order under Section 3910 retroactive to the date of the filing of [Steve's] Order to Show Cause to modify child support would cause Frances to suffer substantial hardship. The court therefore exercises its discretion under Family Code § 3653(a) to make its order requiring [Steve] to pay adult child support for Frances under Section 3910 retroactive . . . ."

**DISCUSSION**

The sole issue on appeal is whether the court erred in ordering Steve to retroactively pay Cathy adult child support. Steve argues that the retroactive requirement constituted both an error of law and an abuse of discretion.

*1. Steve Demonstrates No Legal Error*

"'Support order' means a judgment or order of support in favor of an obligee, whether temporary or final, or subject to modification, termination, or remission, regardless of the kind of action or proceeding in which it is entered." (§ 155.) A support order may be modified when the court determines such modification necessary. (§ 3651.)

5

Section 3653, subdivision (a) provides: "An order modifying or terminating a support order may be made retroactive to the date of the filing of the notice of motion or order to show cause to modify or terminate, or to any subsequent date, except as provided in subdivision (b) or by federal law (42 U.S.C. Sec. 666(a)(9))." Case law also makes clear that "[a]n order modifying child support may be made retroactive to the date that the notice of motion or order to show cause for modification was served." (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1051-1052.)

On appeal, Steve argues section 3653, subdivision (a) is inapplicable because the challenged order was not a modification but an "entirely new order." Steve's overarching contention is that Cathy "requested and the trial court granted an entirely new order under Section 3910." Steve cites no legal support for his contention, which is not persuasive.

The statutory scheme distinguishes between an original child support order and a modification order. (See *In re Marriage of Barth* (2012) 210 Cal.App.4th 363, 374 ["The Legislature enacted different schemes relating to original orders and modification" orders.].) The 2003 judgment was the original order requiring child support. Steve recognized this distinction in his order to show cause because he expressly requested that the court modify his child support obligation. In his order to show cause, Steve cited to section 3653, the statute he now argues is inapplicable. Steve again recognized the distinction between an original order and a modification in his writ petition when he argued "the terms of the *original child support order* are not sufficiently specific and narrowly drawn so as to support a finding that they constitute an order to make child support payments for [Frances] under Family Code section 3910, subdivision (a)." (Italics added.) He testified during the contempt proceeding that he was "seeking to modify the adult support."

Even without Steve's apparent concessions, it cannot reasonably be disputed that the court's November 4, 2013 order modified a prior child support order. First it altered the amount of money Steve was required to pay. Second, it clarified the requirement that Steve pay child support even though Frances was an adult. Because the order modified the child support—the amount and duration—it was an order modifying child support.

6

There was no requirement the trial court expressly state in the statement of decision that it was modifying the prior child support order in effect since 2003.

Even if the court's November 4, 2013 order could somehow be characterized as an initial order of support, the court properly ordered the payments be made retroactively. Section 4009 permits retroactive payments on an initial order, and here the court expressly found it was in Frances's interest to order the payments be made retroactively.[3] Therefore, assuming Steve could demonstrate the 2013 order was not a modification, he fails to show any error in the court's requiring he pay child support retroactively.

## 2. *Steve Demonstrates No Abuse of Discretion*

Steve argues the court abused its discretion in ordering retroactive payments because "the only discretion the trial court had under subdivision (a) of Section 3653 was to deny the Respondent's request for retroactivity." Steve cites no legal support for his contention.

Contrary to his argument, a trial court has discretion under section 3653, subdivision (a) to order child support retroactively. (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 555 [decision to make order retroactive is reviewed under abuse of discretion standard].) To properly exercise its discretion, the trial court was required to consider Frances's need and her parents' ability to provide support. (*In re Marriage of Cheriton, supra*, 92 Cal.App.4th at p. 300.)

Steve does not argue the court acted arbitrarily or capriciously, and the record shows the trial court properly exercised its discretion. Specifically, the trial court concluded that Frances would suffer a severe hardship if the order were not retroactive. The court also considered Steve's ability to pay, relying on a forensic accountant to

---

[3]    Section 4009 provides: "An original order for child support may be made retroactive to the date of filing the petition, complaint, or other initial pleading. If the parent ordered to pay support was not served with the petition, complaint, or other initial pleading within 90 days after filing and the court finds that the parent was not intentionally evading service, the child support order shall be effective no earlier than the date of service."

7

determine his earnings, findings which are not challenged on appeal. Steve demonstrated no abuse of discretion in ordering the payments retroactive.

### 3. *Steve Stipulated to a Retroactive Order*

As Cathy points out, even if the court lacked authority under section 3653, subdivision (a) to issue a retroactive order, Steve stipulated to a retroactive order. On January 6, 2012, the parties entered into the following stipulation: "The parties . . . stipulate that despite any holdings therein, the Court shall reserve jurisdiction to retroactively modify support in this matter to the date that [Steve] filed the instant Order to Show Cause." The stipulation provides independent support for the trial court's order and further undermines Steve's sole claim of error. (*In re Marriage of Leonard, supra*, 119 Cal.App.4th at p. 555 [child support order will be reversed only if it is prejudicial].)

### 4. *Sanctions*

Cathy seeks sanctions for a frivolous appeal. She argues the appeal is frivolous, and no reasonable attorney could conclude otherwise. Her counsel included a declaration indicating that Cathy will incur $14,855.50 in fees in connection with responding to the appeal and requesting sanctions. We gave the parties notice that we were considering ordering sanctions and requested supplemental briefing on the issue.

There is a high standard for finding an appeal frivolous. *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 cautions "an appeal should be held to be frivolous only when it is prosecuted for an improper motive -- to harass the respondent or delay the effect of an adverse judgment -- or when it indisputably has no merit -- when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Id*. at p. 650.) "[C]ounsel must have the freedom to file appeals on their clients' behalf without the fear that an appellate court will second-guess their reasonable decisions." (*Id.* at p. 648.)

Sanctions are warranted in this case because any reasonable attorney would agree this appeal is totally and completely without merit. Steve's arguments are not supported by citation to legal authority. The sole contention on appeal that payments could not be ordered retroactive presents no unique issue and suggests no modification to existing law.

8

Steve simply ignores the relevant, existing law. Additionally, Steve ignores his prior stipulation that the court could enter a retroactive order and his prior request for a retroactive order. We find no fact or legal authority that would support Steve's claim that the court erred in ordering the child support payments retroactive to his filing an order to show cause.

Factors relevant to determining the amount of sanctions to be awarded a party responding to a frivolous appeal include "'the amount of respondent's attorney fees on appeal; the amount of the judgment against appellant; the degree of objective frivolousness and delay; and the need for discouragement of like conduct in the future.'" (*In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 519.)

The degree of objective frivolousness and delay is high in this case. When Steve filed his order to show cause in 2011, he requested a retroactive order. He expressly cited to section 3653, subdivision (a). This indicates that he was aware the request to change the order would result in a modification—the only issue he now challenged on appeal. Although the trial court did not modify the order in the manner requested by Steve, the court nevertheless changed the order. Steve further recognized the distinction between an original order and a modification order in his successful writ petition in which he described the earlier order pursuant to the stipulated judgment as the "initial order." Steve stipulated to a retroactive order. Steve cited no legal authority to support his argument and he ignored the relevant facts in the record. Discouraging such frivolous conduct is necessary to prevent abuses of the court system. "'Such an abuse of the legal system for no other purpose than to avoid paying a legitimate claim simply can no longer be tolerated. It is not fair to the opposing litigant who is victimized by such tactics and it is not fair to the greatly overworked judicial system itself and those citizens with legitimate disputes waiting patiently to use it. In those cases where such abuse is present, an award of substantial sanctions is proper.'" (*In re Marriage of Gong & Kwong, supra*, 163 Cal.App.4th at pp. 519-520.)

Under California Rules of Court, rule 8.276 sanctions for taking a frivolous appeal may be imposed either on the party or the attorney. Under Code of Civil Procedure

9

section 907, if an appeal is frivolous this court may add to the costs damages that are just. We have reviewed the fees charged by Cathy's counsel and conclude that they are reasonable. We order Steve's attorneys to pay sanctions in the amount of $14,855.50, which represents the fees incurred by Cathy in responding to this appeal and seeking sanctions. Such award is made against Steve's attorneys because they had the obligation to the court to stop a frivolous matter from proceeding. (*Kleveland v. Siegel & Wolensky*, LLP (2013) 215 Cal.App.4th 534, 559.) Although Steve also had an obligation to refrain from pursuing a frivolous case, it is not clear from our record that he knowingly pursued an objectively meritless appeal.

## DISPOSITION

The order is affirmed. Respondent is entitled to costs on appeal. Respondent is entitled to $14,855.50 in attorney fees to be paid by Steve's attorneys no later than 30 days after the remittitur issues. Steve's counsel shall serve a copy of this opinion on Steve.


FLIER, J.

WE CONCUR:


RUBIN, Acting P. J.


GRIMES, J.